DISSENTING OPINION
Bland, Judge:
For reasons stated by the board and the examiner I am in disagreement with the views of the majority as to the sole question presented, to wit: Will the very broad limitation involved “said handle being thereafter effective to transmit flexing movement to the grid structure” read on appellee’s disclosure?
The board in arriving at its conclusion made the following statement :
This limitation is not limited to transmitting any particular kind of flexing movement. The limitation is also not a positive act or step, hut merely a passive adaptation, as it stated that the handle is effective to transmit, etc. In itself, the handle is inherently effective to accomplish the function stated when properly manipulated.
Even if it were conceded that the central rod does not bend to any great extent, unquestionably it bends some, and “flex” means to bend. Moreover, the stiffening rod imparts a bending or twisting movement to the soft rubber — not a great movement or a movement effective to remove the ice, but a movement nevertheless. The appellant has drawn his claim so broadly that it reads upon appellee’s structure, and I think that the tribunals of the Patent Office were right in holding that the broad count at bar reads on appellee’s structure.
I doubt very much if the majority is justified in referring to the' action of the examiner and the Board of Appeals in rejecting claims 34 and 35 which were copied from a patent not involved here and which claims contain limitations quite different from the one at bar. This court and our predecessor in this jurisdiction have stated too often to require citation that the allowance of claims similar to those which come here on appeal is not to be taken as grounds for the allowance of the appealed claims. The same reasoning applies to the rejection of claims. The scope of the claims copied from appellant’s other patent differs greatly from the scope of those at bar. The movement to which the limitations there related was the move *885 ment imparted by the stiffened grid structure when the grid was lifted from the pan and not the flexing movement imparted to the grid after it had been removed. Moreover, claim 35 called for “substantial flexing” [italics mine] in the upward movement of the grid whereas there is no such term as “substantial” in the count at bar. Said claim 34 called for “and means for imparting sufficient stiffness to said wall to resist substantial flexing in the direction of the force which is applied to remove the wall from the receptacle while affording flexibility in the remaining directions.” [Italics mine.]
It is too obvious to admit of extended discussion that the limitations under consideration there are not to be treated as identical with the one at bar.
It may be further pointed out that the board that passed upon the action of the Primary Examiner in holding that the appellee could not make claims 34 and 35 ivas a different board from the one whose decision we are here revising-
But, even, if it be agreed that the holding of the tribunals as to claims 34 and 35 was inconsistent with the holding of the tribunals in the instant case, it is my view that their holding in the instant case was proper and that the decision of the board should be affirmed.